IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNE TAINTOR,

        Plaintiff,

vs.                                                       CIVIL NO. 00-234 LFG

UVALDO VELASQUEZ
and JOHN DOES 1-4,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand for Lack of Jurisdiction and Untimeliness [Doc. 2]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

In the accord with the district's case assignment procedures, this case was randomly selected and administratively assigned to a magistrate judge to conduct all proceedings, including trial if necessary. In accord with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), while the parties were provided with consent forms, the time for completing the forms has not elapsed, and, therefore, not all parties consented to a magistrate judge handling this case. Under the provisions of the administrative order, when any party declines to consent, the case will be reassigned to an Article III judge. Because no party has declined to consent, no Article III judge has been assigned.

The Court must therefore first consider whether it may act on Plaintiff's motion to remand. The Tenth Circuit has not yet determined whether a magistrate judge may act on a motion to remand without the consent of the parties. However, the majority of circuits which have considered this

question determined that a motion to remand is not a case dispositive ruling under Section 636(b)(1)(A), and, therefore, comes within a magistrate judge's authority. Indeed, decisions from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits either directly or tacitly approve of magistrate judges handling motions to remand. See, e.g., Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993)(28 U.S.C. § 1447(d) bars review by the court of appeals of a district judge's order granting a motion to remand whether the district judge reviewed the magistrate judge's order as either a final or as a report and recommendation to which timely objections were filed); Delta Dental v. Blue Cross & Blue Shield, 942 F. Supp. 740 (D.R.I. 1996)(a motion to remand is a non-case dispositive matter and subject to the clearly erroneous or contrary to law standard of review); Amalgamated Local Union No. 555 UAW v. Fibron Products, Inc., 976 F. Supp. 192 (W.D. N.Y. 1997) (magistrate judge has the authority to determine a motion to remand as a non-case dispositive pretrial matter pursuant to Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a)); Young v. James, 168 F.R.D. 24 (E.D. Va. 1996)(motions to remand are non-case dispositive and are reviewed under a clearly erroneous or contrary to law standard); Dugas v. Jefferson County, 911 F. Supp. 251 (E.D. Tex. 1995) (a motion to remand is referable to a magistrate judge as a non-case dispositive motion; but see Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999)); see also Vaquillas Ranch Co., Ltd. v. Texaco Exploration & Prod., Inc., 844 F. Supp. 1156 (S.D. Tex. 1994)(motion to remand is non-dispositive); and City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122 (S.D. Miss. 1993)(motion to remand to state court is non-case dispositive and may be referred to a magistrate judge).

Also, in accord with this reasoning are the following cases: Naragon v. Dayton Power & Light Co., 934 F. Supp. 899 (S.D. Ohio 1996)(relief sought in motion to remand is non-case

2

dispositive); Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1068 (E.D. Wis. 1997)("[g]enerally, the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)"); White v. State Farm Mutual Automobile Insurance Co., 153 F.R.D. 639 (D. Nebr. 1993)(a magistrate judge has authority to remand as non-case dispositive pretrial matter); see also Banbury v. Omnitrition Intern., Inc., 818 F. Supp. 276 (D. Minn. 1993)(remand is non-case dispositive); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp. 16 (D. Or. 1995)(magistrate judge had authority to enter an order of remand as non-case dispositive pretrial matter).

Indeed, only the Third Circuit specifically rejected a magistrate judge's authority to entertain a motion to remand. In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998)(a remand order is dispositive for purposes of Section 636(b)(1)); and Temptations, Inc. v. Wager, 26 F. Supp. 2d 740 (D.N.J. 1998)(an order to remand to state court is dispositive, a magistrate judge does not have authority to enter it without the consent of the parties).

The reasoning underlying both the Healthcare and Temptations decisions was, in turn, soundly rejected in Vogel v. U. S. Office Products, 56 F. Supp. 2d 859, 862 (W.D. Mich. 1999). In that case, the court approved the magistrate judge's conclusion based on Fed. R. Civ. P. 72(a) that, "[b]ecause a remand does not affect a party's claims or defenses, but only the forum in which they may be presented, a motion to remand is necessarily non-dispositive."

Section 636(b)(1)(A) of 28 U.S.C. contains a non-exhaustive list of dispositive motions for which magistrate judges may only issue proposed findings and recommendations. They include motions for injunctive relief, judgment on pleadings, summary judgment, motions to dismiss or quash an indictment or information, motions to suppress evidence in criminal cases, to dismiss or to permit

3

a class action, to dismiss for failure to state a claim and to involuntarily dismiss an action. In Vogel v. U.S. Office Products, the court concluded that a motion to remand is dissimilar to these other matters in that they terminate the case entirely, may easily result in termination through exclusion of evidence, require interim determinations concerning the merits of a claim, or may result in imposition of remedies or adding parties who will be bound by the judgment. A motion to remand, on the other hand, does none of these things. It neither ends a case nor addresses the substance of a party's claims or defenses. The court is therefore unconvinced by the Third Circuit's holding that a motion to remand resolves claims or defenses and is thus dispositive in nature. Vogel, at 864.

This Court agrees with Vogel, and based on the weight of authority, concludes that a motion to remand is not case dispositive and that a magistrate judge has authority pursuant to Section 636(b)(1)(A) to act on this motion.

**General Considerations on Removal**

Federal law, specifically 28 U.S.C. §§ 1441, 1446, controls the process whereby a defendant can move a case pending in a state district court to a federal district court. This statute governs removal for diversity cases, most federal questions, non-diverse claims joined with federal questions and suits against foreign states.

The statute provides that defendants eligible for removal should file a notice of removal with the appropriate federal court within thirty days of receipt of the plaintiff's original pleading. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322 (1999). As in all matters relating to jurisdiction, the statute is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 866, 872 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). When there is any doubt

4

as to the right of removal in the first instance, it is incumbent on a court to reject removal and to favor remand. Laughlin; Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331 (10th Cir. 1982). This is so because the need for strictly limiting removal jurisdiction arises out of due respect for the sovereignty of state governments and for the protection of state judicial power. Shamrock, at 108-109. It is with these principles in mind that the Court considers Plaintiff's motion for remand.

### **Analysis of Present Motion**

Taintor is a resident of the State of New Mexico and all Defendants are believed to be residents of the State. The real property at issue is located in Rio Arriba County, within the State of New Mexico. Plaintiff Anne Taintor ("Taintor") filed suit for trespass to easement, damages, slander of title, declaratory judgment and injunctive relief. This suit was filed in a state district court on October 29, 1999, and Taintor served Velasquez with the complaint and summons on October 30, 1999.

Velasquez, thereafter, sought to remove the litigation from state district court directly to the Tenth Circuit Court of Appeals. This, of course, was improper. Indeed, on November 12, 1999, the Circuit Court Clerk returned Velasquez' notice of removal and advised him that neither the Tenth Circuit's own rules or the Federal Rules of Appellate Procedure authorized a removal to the circuit court. Velasquez' removal pleadings were returned to him.

Velasquez still had time remaining within which to properly and timely file his notice of removal with the United States District Court in New Mexico. However, instead of doing this, Velasquez opted to debate the legitimacy of the Tenth Circuit's refusal to accept his purported removal pleadings. He wrote to the Tenth Circuit in an attempt to challenge the circuit court's refusal to accept his documents. In the interim, the thirty-days within which Velasquez was permitted to

remove the case elapsed. Velasquez did not file his notice of removal with the United States District court in New Mexico until February 16, 2000. This filing was well beyond the thirty-day limit permitted by law, and, therefore, Velasquez' attempted removal is improper.

Beyond his failure to timely file, Velasquez failed to demonstrate diversity between the parties under 28 U.S.C. § 1332. He further fails to demonstrate any basis for the exercise of federal jurisdiction. For example, he does not assert that the claim arises under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441. Certainly, nothing in Taintor's complaint implicates constitutional issues or federal statutory rights. As such, the burden is clearly on Velasquez, as the removing party, to demonstrate the existence of federal jurisdiction. This, Velasquez failed to do.

The Court concludes that Taintor's motion should be granted and this case should be remanded to the First Judicial District Court, County of Rio Arriba, State of New Mexico, as it was improperly and untimely removed to the United States District Court. When an action has been improperly removed, the party responsible for the improper removal is assessed costs and fees. Based on a review of the pleadings filed in this case, the Court determines that reasonable attorney fees of $300 should be assessed against Velasquez. Those fees are payable to Taintor within twenty days.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Charlotte H. Hetherington, Esq.

DEFENDANT:
Uvaldo Velasquez, pro se


6