## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANNE TAINTOR,

        Plaintiff,

vs.                                                            No.  CV 00-234 SC/LFG

UVALDO VELASQUEZ and
JOHN DOES 1 THROUGH 4,

        Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Velasquez's Motion for

Reconsideration by District Judge, filed April 10, 2000 [Doc. No. 7], and Defendant

Velasquez's Disqualification of Assigned Judges, filed May 11, 2000 [Doc. No. 12].  The

Court has read the motion or pleading, the memoranda, and the Court record, and is

apprised of the applicable law.  For the reasons set forth below, the Court concludes that

neither motion nor the disqualification is well-taken.  However, the magistrate judge's

award of $300.00 in attorney fees to Plaintiff will be stricken.

## I.      BACKGROUND

Plaintiff filed a Complaint for Trespass to Easement, Damages, Slander of Title,

Declaratory Judgment and Injunctive Relief against Defendants on October 29, 1999, in

the First Judicial District Court of the State of New Mexico.  Defendant Velasquez was

served on October 30, 1999.  The Complaint concerns land within the Piedra Lumbre

Land Grant in Rio Arriba County, New Mexico.  Plaintiff and Defendant Velasquez

(Defendant) are residents of New Mexico.  It is believed that the four John Doe

Defendants are also residents of New Mexico.

 Defendant filed a Notice of Removal in the state court on November 4, 1999,

attempting to remove the action to the Tenth Circuit Court of Appeals.  Defendant also

filed an Answer on November 4.  The Tenth Circuit returned Defendant's Notice of

Removal on November 12, 1999.  Defendant responded to the Tenth Circuit by letter on

November 23, informing that in failing to docket his Notice of Removal the Clerk of the

Tenth Circuit violated the United States Constitution.  On November 18, 1999, Plaintiff

filed in the state court a Motion to Strike the Notice of Removal because it had been

improperly filed in state court.  Plaintiff alleges that she indicated in her motion that the

Notice of Removal needed to be filed in federal court, not state court.  Defendant filed a

response to the motion to strike on November 29, 1999.  The state court held a hearing on

Plaintiff's motion to strike the removal notice on January 18, 2000.  On January 21, the

state district judge ordered that "Defendant Velasquez shall have 30 days from the date of

this Order to perfect his Notice of Removal and meet all Federal Court requirements

thereto and to show this Court evidence of such compliance" or else he would grant

Plaintiff's motion to strike.  Pl.'s Resp. to Def.'s Mot. for Reconsideration, Ex.1 (Order

to Show Cause).  Defendant filed a Notice of Removal in this Court on February 16,

2000, pursuant to the January 21, 2000 state court order and 28 U.S.C. §§ 1443(1),

2

1443(2), 1446(a) and 18 U.S.C. §§ 241, 242, 286, 371, 2384.[1]

On February 24, 2000, Plaintiff filed a motion to remand for lack of jurisdiction and untimeliness. Defendant filed a response on March 9 and Plaintiff filed a Reply on March 15. On March 31, 2000, Magistrate Judge Lorenzo Garcia granted Plaintiff's motion to remand. Defendant filed his motion for reconsideration by a district judge on April 10, 2000.

## II.    JURISDICTION

Generally, once an action has been remanded to state court, the federal court no longer has jurisdiction over the matter – even if the cause of action was erroneously remanded. See 28 U.S.C. § 1447(d); Archuleta v. Lacuesta, 131 F.3d 1359, 1363 (10th Cir. 1997). However, the remand of actions removed pursuant to 28 U.S.C. § 1443 are "reviewable on appeal or otherwise." 24 U.S.C. § 1447(d); see Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990). Because Defendant removed this action pursuant to § 1443, I have jurisdiction over his reconsideration motion and his related disqualification of assigned judges. Having so concluded I need not reach the question of whether a district judge has jurisdiction under 28 U.S.C. § 636(b)(1)(A) or Federal Rule of Civil Procedure 72(a) to review a magistrate judge's remand order. I also need not reach the question of whether the Tenth Circuit Court of Appeals has jurisdiction under 28 U.S.C.

---

[1] Section 1443 concerns removal provisions applicable to civil rights cases. Section 1446(a) concerns the general procedure for removals. Sections 241, 242, 286, 371, and 2384 are criminal statutes concerning conspiracy to deprive individual rights; deprivation of individual rights under color of law because of an individual's alienage, color, or race; defrauding of the United States; conspiracy to commit an offense against or defraud the United States; and seditious conspiracy against the United States.

§ 636(c)(3) to review directly a magistrate judge's remand order.

## III.    DISQUALIFICATION

In his Disqualification of Assigned Judges, Defendant purports to disqualify the assigned federal judges to this action and any other action in which he might appear as a party because their impartiality is questionable, pursuant to 29 U.S.C. § 455.  I presume that Defendant is referring to Title 28 and not Title 29 of the United States Code.  Section 455 does not grant parties the authority to disqualify judges or magistrate judges.  See 28 U.S.C. § 455.  Rather, the responsibility is placed on the judge or magistrate judge to disqualify himself when necessary or required.  Furthermore, there are no grounds for me to disqualify myself or for Magistrate Judge Garcia to disqualify himself from this action (or any action in which Defendant is a party).  No action of mine nor of Magistrate Judge Garcia has indicated partiality.  In his pleading, Defendant fails to sufficiently allege or demonstrate any reason why my impartiality or that of Magistrate Judge Garcia "might reasonably be questioned" in this case.  28 U.S.C.§ 455(a); see Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  The alleged actions of Judge James Parker in an unrelated case are irrelevant.  Moreover, a court has a duty to hear a case if there are no reasons it should not.  See Nichols, 71 F.3d at 351 ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").  Therefore, Defendant's Disqualification of Assigned Judges is improper and without merit and will be stricken.

## IV.   RECONSIDERATION

The magistrate judge granted Plaintiff's motion to remand after concluding that a magistrate judge has the authority enter a motion to remand because such motions are non-case dispositive under 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's grounds for the remand were the untimeliness of Defendant's filing of his Notice of Removal and Defendant's failure to demonstrate federal subject matter jurisdiction.  As to the issue of subject matter jurisdiction, the magistrate judge concluded that Defendant failed to demonstrate diversity between the parties under 28 U.S.C. § 1332 or to assert a claim arising under the Constitution, treaties, or laws of the United States under 28 U.S.C. § 1441.  The court also concluded that nothing in the Complaint implicated federal constitutional or statutory rights.  The magistrate judge did not discuss Defendant's removal ground(s) under §1443.  In his Motion for Reconsideration, Defendant requests that a district judge reconsider the magistrate judge's remand order.  Defendant contends that: (1) he was never provided with a consent form and thus had no opportunity to decline consent to the magistrate judge's handling of this case; (2) that he declines to give such consent; (3) magistrate judges do not have the authority to enter remand orders; (4) pursuant to 28 U.S.C. § 1446(b), his Notice of Removal was timely; and (5) pursuant to § 1443, there is federal jurisdiction.

I have serious doubts as to whether remand orders are non-case dispositive and, thus, whether magistrate judges have the authority to enter such orders under 28 U.S.C.

§ 636(b) or Federal Rule of Civil Procedure 72(a).[2]  However, I need not reach this issue because I conclude that Defendant failed to sufficiently demonstrate federal jurisdiction under § 1443 in his Notice of Removal (and in his motion for reconsideration materials).[3] Therefore, this case was properly remanded, albeit for a reason different from those forming the bases of the magistrate judge's remand order.

Section 1443(2) governs civil actions or criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(2). The Supreme Court has held that removal under § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966); see id. at  820-24 (§ 1443(2) clearly limited to official enforcement activity by federal officers or agents and those officially acting under them).  Section 1443(2) grants no removal rights to private individuals.  See id. at 822-23.  Defendant is not a federal officer or agent nor has he been authorized to act for, with, or under such federal officers or agents in the performance of their official duties.  Accordingly,  Defendant has no right under § 1443(2) to remove this

---

[2] The rule that remand orders of non-§ 1443 removals are not reviewable by the district court or the court of appeals is in conflict with the general statutory authorization for review by such courts of magistrate judgments or decisions.  This conflict is resolved if magistrate judges do not have the authority to decide remand motions or to remand cases.

[3] I also need not reach the issue of whether the parties consented to the magistrate judge's handling of this case, whether the time for completing the consent form(s) had elapsed before the magistrate judge ruled on Plaintiff's remand motion, or whether Defendant's Notice of Removal was timely.

case to federal court.

Section 1443(1) governs civil actions or criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1). The Supreme Court has established a two-pronged test for § 1443(1) removals. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted); see Greenwood, 384 U.S. at 826-28; Georgia v. Rachel, 384 U.S. 780, 788, 792, 803 (1966). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" Johnson, 421 U.S. at 219 (quoting § 1443(1)); see Greenwood, 384 U.S. at 827-28; Rachel, 384 U.S. at 788, 803. This requirement must be satisfied by specific allegations of fact. See generally 14C Charles Alan Wright et al., Federal Practice and Procedure § 3728 (3d ed. 1998).

Defendant gave no reasons in his Notice of Removal for invoking § 1443(1). Moreover, while Defendant listed five federal criminal statutes concerning civil rights offenses against individuals or offenses against the United States, he did not detail the connection between these statutes and his removal under § 1443. In his response to Plaintiff's remand motion, Defendant states he is subject to conditions of involuntary servitude, as described in 42 U.S.C. § 1994, by the Government of New Mexico because

of his non-attorney pro se litigant status and because only licensed attorneys may practice

law in New Mexico.[4]  Defendant further states that his lifetime of adverse experience in

New Mexico's state courts demonstrates conditions of involuntary servitude.  Defendant

does not explain or provide specific evidence of this adverse experience.  Defendant also

argues that the land parcel to which Plaintiff claims ownership is within the Piedra

Lumbre Land Grant which was fraudulently conveyed to an earlier title holder in 1910 by

a New Mexico Territorial Judge.  However, the tie between this alleged fraudulent

conveyance and the conditions of involuntary servitude to which Defendant alleges he is

subject is not described or demonstrated.  In his motion for reconsideration and his

supporting memorandum, Defendant again states that he is subject to conditions of

involuntary servitude by the Government of New Mexico.  However, Defendant does not

specify, elaborate on, or describe these conditions.  In his reply, Defendant states that

New Mexico governmental officials practice racism but provides no specific examples or

evidence thereof relating to him or this case.

Defendant has met neither of the Supreme Court's strict requirements for

§ 1443(1) removals.  Defendant's string citation to various federal criminal civil rights,

fraud, or conspiracy statutes and Defendant's statements that (1) he is subject to

conditions of involuntary servitude by the Government of New Mexico, (2) he "has

---

[4] This point is emphasized in a state court pleading exhibit entitled "Proposed Brief Outline Containing
Proof of the Conditions and Situations which Velasquez Finds Himself in New Mexico State Courts of
Record."  Def.'s Resp. to Show Cause Order Dated Jan. 21, 2000, Ex. 2 (filed in state court Feb. 7, 2000).

experience that he cannot enforce in State courts a right under any law providing for equal civil rights of citizens of the United States," Def.'s Resp. to Pl.'s Mot. to Remand at 6, and (3) New Mexico governmental officials practice racism are insufficiently alleged or supported.  Consequently, Defendant has failed to adequately allege or demonstrate that he is being denied a specific right arising under a federal law "providing for specific civil rights stated in terms of racial equality."  Rachel, 384 U.S. at 792; see generally Ann K. Wooster, Annotation, Civil Actions Removable from State Court to Federal Court under 28 U.S.C.A. § 1443, 159 A.L.R. Fed. 377 (2000) .  Nor has he shown that New Mexico courts will not protect any such rights.  Therefore, this Court has no subject matter jurisdiction over this case and it must be remanded.

## V.    ASSESSMENT OF ATTORNEY FEES

The magistrate judge stated that "[w]hen an action has been improperly removed, the party responsible for the improper removal is assessed costs and fees" and that based on the pleadings filed in this case attorney fees in the amount of $300.00 should be assessed against Defendant.  Mem. Op. and Order at 6 (filed Mar. 31, 2000, Doc. No. 6).  Attorney's fees are not mandated when an action has been improperly removed.  Rather whether to award attorney's fees and costs under 28 U.S.C. § 1447(c) when a case is remanded to state court is within the sound discretion of the district court.  See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1353 (10th Cir. 1997); see also Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 323 (10th Cir. 1994).   Upon review of the record, I exercise my discretion and decline to award attorney's fees or costs.  Therefore, the

9

magistrate judge's award of $300.00 in attorney fees to Plaintiff will be stricken.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Velasquez's

Disqualification of Assigned Judges, filed May 11, 2000 [Doc. No. 12], is STRICKEN.

**IT IS FURTHER ORDERED** that Defendant Velasquez's Motion for

Reconsideration by District Judge, filed April 10, 2000 [Doc. No.7], is DENIED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Award of $300.00 in

Attorney Fees to Plaintiff in his Memorandum Opinion and Order, filed March 31, 2000

[Doc. No. 6], is STRICKEN.

_____

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:  *Pro Se*, Youngsville, N.M.

Counsel for Defendant:  Charlotte H. Hetherington, SIMONS, CUDDY & FRIEDMAN, LLP, Santa Fe, N.M.